UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10087 DPW

PAINTERS & ALLIED TRADES )
DISTRICT COUNCIL NO. 35 HEALTH, ) MAGISTRATE JUDGE _____
BENEFITS, PENSION AND )
ANNUITY FUNDS )
         Plaintiffs, )   Civil Action No.
)
v. )
)
FIRST KOSTAS CORP. )
         Defendant )
)

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., brought on behalf of the Painters & Allied Trades District Council No. 35 Health Benefits, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent contributions and to enforce a labor arbitration award pursuant to § 301 of the Labor Management Relations Act (the "Act") under 29 U.S.C. § 185.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. § 1331 and § 1337 and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Each of the Plaintiffs is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A), and each is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have a principal office at and are administered from 25 Colgate Road, Roslindale, MA.

4. Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7) with a principal place of business at 515 Medford Street, Somerville, MA 02145.

5. Painters & Allied Trades District Council No. 35 ("the Painters Union") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, Defendant was obligated by the terms the collective bargaining agreement between it and the Painters Union and by the terms of the Agreements and Declarations of Trust for each of the Plaintiffs to make contributions and submit remittance reports on behalf of its employees represented by the Painters Union to the Funds.

7. In August 2003, after the Defendant had consistently failed to make the require contributions, The Plaintiffs invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration its dispute with Defendant that had arisen under the collective bargaining agreement concerning delinquent contributions.

8. The collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints," including those brought by the Plaintiffs and that the Joint Trade Board's decisions are binding as to the parties.

9. Following a hearing on the Plaintiffs' grievance, of which the Defendant was given notice and appeared, the Joint Trade Board duly issued an award on August 21, 2003 sustaining the grievance against Defendant and awarding Plaintiffs the amount of $9,188.10 representing contributions owed to the Plaintiffs for the period of June 15, 2003 through July 20, 2003. The payment was to be made within ten (10) days of receipt of the Award.

10. Defendant received a copy of the Joint Trade Board Award. (Attached hereto as Exhibit "A").

11. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's award.

12. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of receipt of the award. M.G.L. c. 150 § 11.

13. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

14. Defendant also has failed to make required contributions or file remittance reports to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145 for worked performed by its employees who are members of the Painters Union for the months following July 2003 in a total sum in excess of $50,000.

WHEREFORE, Plaintiffs demand that judgment enter in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2):

1. Awarding the Funds the following amounts:

    a. the unpaid contributions;

    b. interest on those contributions from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

    d. comply with the Joint Trade Board's Award; and

    e. all costs and reasonable attorney's fees incurred by the Funds in connection with this action; and

2. Permanently enjoining the Defendant from violating its obligations to make contributions and provide remittance reports to the Funds under the terms of its

collective bargaining agreements with the Painters Union and the respective

Agreements and Declarations of Trust; and

3. Ordering such other and further relief as this court may deem just and proper.

Dated: January 13, 2004

Respectfully submitted,
Michael A. Feinberg, BBO #161400
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff

## CERTIFICATE OF SERVICE

I, Michael A. Feinberg, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

_____
Michael A. Feinberg

Dated: January 13, 2004